UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PATRICIA JANE ALBRIGHT, and JORDAN ROBERT WINTZ,<br><br>Defendant. | No. 2:11-CR-0226<br><br>**ORDER** |

Counsel for Defendant Patricia Jane Albright ("Albright") has submitted a declaration under seal in support of Defendants' motion to continue this trial.[1] The Court has considered the arguments presented by defense counsel and for the reasons set forth below, hereby denies Defendant's request for a continuance.

Without disclosing material which the Court allowed to be filed under seal, defense counsel's declaration essentially presents the same two arguments for the continuance that Defendants presented during a hearing on Thursday, January 16, 2014.  Thus, the Court reiterates

---

[1] This matter was originally set for trial before Judge Burrell on March 26, 2013, and pursuant to a stipulation by the parties was continued to April 4, 2013.  (Order, ECF No. 82.)  The case was again continued due to replacement of defense counsel and subsequent reassignment to District Judge Nunley and rescheduled for trial on July 29, 2013.  Pursuant to a Motion to Continue by Defendant, the trial date was again vacated and reset for October 28, 2013.  (ECF No. 118.)  On October 3, 2013, the Court vacated the October 28, 2013 trial date pursuant to the parties' request.  (ECF No. 129.)  At a subsequent hearing on December 19, 2013, this matter was reset for trial on February 3, 2014.  (ECF No. 149.)

1   its decision at that hearing.  First, the Court is cognizant that defense counsel was not provided
2   with witness statements from Matthew Jay Boyle, Jesse Marshal Chisum, Stuart Church and
3   Armando Vigil until January 14, 2014.  However, the Court finds that Defendants have enough
4   time to interview these witnesses before the trial commences on February 3, 2014.  Moreover,
5   Defendants will be able to subpoena these witnesses should Defendants require their testimony at
6   trial.[2]  Nothing else in counsel's declaration filed under seal supports the request for a further
7   continuance at this time.  Thus, Defendants have failed to show that they will be prejudiced
8   unless a continuance is awarded.  *See U.S. v. Kloehn*, 620 F.3d 1122 1129–30 (9th Cir 2010).

9   As to Defendants' second assertion, concerning statements made by Kelly Murray, the
10  Defense has conceded that these statements are not *Brady* material and thus disclosure was not
11  untimely.  The Court finds that there is sufficient time for defense counsel to interview Ms.
12  Murray prior to the commencement of trial and, therefore, a denial of this request would not
13  prejudice Defendants.  *See Kloehn*, 620 F.3d at 1129–30.

14  In the event that Defendants can make a showing that the information obtained from the
15  interviews of the aforementioned witnesses makes a continuance necessary, the Court will
16  reconsider Defendants' request.  However, at this time Defense has failed to show that a
17  continuance is necessary.  As such, Defendants' request for a continuance is DENIED.

18  **IT IS SO ORDERED.**

20  Dated: January 23, 2014

_____
Troy L. Nunley
United States District Judge

---

[2]   The Court has approved Defense Counsel's authorization request for Defendant's investigator to cross state lines in order to interview the necessary witnesses.

2