UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORDAN ROBERT WIRTZ,<br><br>Defendant. | No. 2:11-cr-00226-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Jordan Robert Wirtz's ("Defendant") Motion for Early Termination of Supervised Release. (ECF No. 350.) No opposition has been filed. After carefully reviewing Defendant's filing and discussing the matter with the Probation Office, the Court DENIES Defendant's motion.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

On September 18, 2014, Defendant pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C § 924(c)(1). (ECF Nos. 225, 228.) On February 26, 2015, the Court sentenced Defendant to a 60-month term of imprisonment to be followed by a 60-month term of supervised release. (ECF No. 248; ECF No. 249 at 3.) On June 24, 2021, Defendant filed the instant motion for early termination of supervised release. (ECF No. 350.) The Probation Office has informed the Court that Defendant's term of supervised release does not expire until March 21, 2023.

## II. STANDARD OF LAW

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

## III. ANALYSIS

The sentencing guidelines range for Defendant's term of supervised release is two to five years. U.S.S.G. § 5D1.2(a)(1); *see also* 18 U.S.C. § 3583(b)(1). The Court sentenced Defendant to a high-end, 60-month term of supervised release. (ECF No. 249 at 3.)

In a declaration submitted with his motion, Defendant asserts he has been successful under supervised release. (ECF No. 350 at 3–6.) He emphasizes that since his release from prison, he excelled at a full-time job with a construction company, enrolled in college and has excelled as a student, and lives a healthy lifestyle. (*Id.*) He also submits a copy of his unofficial college transcript, which shows he has a cumulative grade point average of 3.845. (*Id.* at 10.) Based on the foregoing, Defendant argues in his memorandum that the statutory factors in 18 U.S.C. § 3583(e) support early termination of supervised release. (*Id.* at 12–23.)

The Court commends Defendant on the positive steps he has taken since his release. However, in light of the referenced subset of § 3553(a) factors (specifically the nature and circumstances of the offense, history and characteristics of Defendant, need for adequate deterrence, and need to protect the public), Defendant has not shown that early termination of supervised release is justified. Defendant was involved in a large marijuana growing operation and was found at the property with a loaded shotgun. (*See* PSR at 15–16.) He also informed officers that he distributed and sold marijuana and utilized fake names to avoid detection by law enforcement. (*Id.*) Defendant has a history of substance abuse, and he violated his pretrial conditions in this case on two separate occasions for incurring new arrests (DUI and alcohol-

related offenses).  (*Id.*)  Although Defendant seems to argue his good behavior warrants early termination of supervised release, "compliance with release conditions, resumption of employment[,] and engagement of family life . . . are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate."  *United States v. Bauer*, No. 5:09-cr-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012); *accord United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298, at *2 (E.D. Cal. May 24, 2012) ("[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of . . . [those] serving terms of supervised release and does not warrant early termination.") (internal quotation marks and citation omitted).

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is hereby DENIED.  (ECF No. 350.)

IT IS SO ORDERED.

DATED:  August 16, 2021

Troy L. Nunley
United States District Judge